| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | | NOT FOR PUBLICATION |
| ------------------------------------------------------------ x | | |
| In re: | : | Case No. 18-12323 (JLG) |
| | : | |
| 2070 Restaurant Group, LLC, | : | Chapter 7 |
| | : | |
| Debtor. | : | (Jointly Administered) |
| ------------------------------------------------------------ x | | |

**MEMORANDUM DECISION**
**GRANTING THE TRUSTEE'S APPLICATION FOR AN ORDER PURSUANT TO**
**SECTION 105(a) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE APPROVING STIPULATION AND**
**SETTLING CLAIMS AGAINST SAVANNA-RAE, LLC AND RAY HILL**

**APPEARANCES:**

Togut, Segal & Segal LLP
*Counsel to the Chapter 7 Trustee,*
*Albert Togut*
One Penn Plaza, Suite 3335
New York, New York 10119
By:   Neil Berger


Offit Kurman, P.A.
*Counsel to Savanna- Rae, LLC*
*and Ray Hill*
590 Madison Avenue, 6th Floor
New York, New York 10022
By:   Daniel Schneider

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## INTRODUCTION

The matter before the Court in these jointly administered cases is the Application[1] of Albert Togut, Esq., chapter 7 trustee (the "Trustee") of the Debtors' estates (the "Estates"), for an order pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 9019 ("Rule 9019") approving a stipulation settling the claims of 2070 Restaurant Group LLC ("2070 Restaurant") against Savanna-Rae, LLC and Ray Hill (together, the "Defendants"). The Application is supplemented by the declaration of the Trustee's counsel, Neil Berger, Esq. (the "Berger Decl.").[2] No responses were filed to the Application.

On October 30, 2024, the Court conducted a hearing on the Application. The Trustee and the Defendants appeared at the hearing through their respective counsel. The Court heard argument from the Trustee. For the reasons set forth herein, the Court grants the Application.

## JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] *Trustee's Application for an Order Pursuant to Section 105(a) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure Approving the Stipulation Settling Claims Against Savanna-Rae, LLC and Ray Hill*, ECF No. 222, at pp. 4-25. References to "ECF No. __" are to documents filed on the electronic docket of Case No. 18-12323.

[2] *Declaration of Neil Berger in Support of Trustee's Application for an Order Pursuant to Section 105(a) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure Approving the Stipulation Settling Claims Against Savanna-Rae, LLC and Ray Hill,* ECF No. 222, at pp. 26-30.

## BACKGROUND

On July 30, 2018 ("Petition Date"), 2070 Restaurant and Genesis Foods LLC (together, "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court (the "Chapter 11 Cases").[3] Thereafter, the Court entered an order authorizing the joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).[4]

On September 6, 2018, 2070 Restaurant commenced an adversary proceeding by filing a complaint (the "Complaint") against Savanna-Rae LLC and its managing member, Ray Hill. The Complaint alleged various causes of action related to a management agreement and sale agreement between 2070 Restaurant and the Defendants regarding a restaurant business (the "Adversary Proceeding").[5]

On January 23, 2020, the Court entered an order converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code.[6] On January 24, 2020, Albert Togut was appointed as the interim trustee of the Debtors by the United States Trustee;[7] he duly qualified and is acting as chapter 7 trustee herein.

---

[3] *Voluntary Petition for Non-Individuals Filing for Bankruptcy*, In re 2070 Restaurant Group, LLC, Case No. 18-12323; *Voluntary Petition for Non-Individuals Filing for Bankruptcy*, In re Genesis Foods LLC, Case No. 18-12324.

[4] *Order Pursuant to Fed. R. Bankr. P. 1015(b) Directing Joint Administration and/or Consolidation of the Chapter 11 Cases*, ECF No. 33.

[5] *Complaint (i) to Complete Turnover of Property of the Estate by a Custodian Pursuant to 11 U.S.C. 543; and (ii) for a Temporary Restraining Order* 2070 Restaurant Group, LLC v. Savanna-Rae, LLC and Ray Hill (In re 2070 Restaurant Group, LLC), Adv. Case No. 18-01627, AP ECF No. 1. References to "AP ECF No. __" are to documents filed on the electronic docket of Adv. Case No. 18-01627.

[6] *Order Converting Chapter 11 Case to Case Under Chapter 7*, ECF No. 126.

[7] *Appointment of Chapter 7 Trustee - Converted Case from Chapter 11 Case to Chapter 7 - and Scheduling of Section 341(a) Meeting to be Noticed by Clerk's Office*, ECF No. 127.

3

Following his appointment, the Trustee assumed control over the Adversary Proceeding and engaged in settlement negotiations with the Defendants and Abyssinian Development Corporation, as Sole Member of ADC/ Ennis Francis II Housing Development Fund Company, Inc. (together with the Trustee and the Defendants, the "Settlement Parties") to resolve the Complaint and other claims by and among the Settlement Parties. Berger Decl. ¶ 6. The Settlement Parties ultimately reached a stipulated settlement agreement that resolved all claims (the "Global Settlement").[8] As relevant, pursuant to the settlement, the Trustee agreed to dismiss the Adversary Proceeding and the Defendants agreed to make certain payments to the Trustee totaling $100,000, as follows:

> a. Release of escrow funds totaling $60,000 held by the Defendants' counsel to the Trustee (the "Escrow Payment");
>
> b. A payment of $10,000 (the "Initial Payment") to the Trustee within ten days after the effective date of the Global Settlement; and
>
> c. Six monthly payments of $5,000 (each, a "Monthly Payment") to the Trustee beginning on the first business day of the month that is sixty days after the effective date of the Global Settlement and then on the first business day of the month that is 60 days after the date that the prior Monthly Payment is due.

*Id*. ¶ 9; Global Settlement ¶ 5. On March 18, 2021, the Court entered an order approving the Global Settlement[9] and on April 20, 2021, the Court closed the Adversary Proceeding.

Thereafter, the Trustee recovered the $60,000 Escrow Payment and the Defendants made the Initial Payment. Berger Decl. ¶ 11. However, the Defendants failed to pay $22,500 of the $30,000 total Monthly Payments, leaving such amounts unpaid and outstanding (the "Unpaid

---

[8] The *Stipulation and Agreed Order Settling Claims* is annexed to the *Order Approving Stipulation Among the Chapter 7 Trustee, Debtors' Landlord, and Defendants Pursuant to Bankruptcy Rule 9019*, ECF No. 208.

[9] *Order Approving Stipulation Among the Chapter 7 Trustee, Debtors' Landlord, and Defendants Pursuant to Bankruptcy Rule 9019*, ECF No. 208; AP ECF No. 27.

4

Settlement Amount"). *Id*. On May 11, 2021, the Trustee delivered a Notice of Default to the Defendants' then-counsel by first-class U.S. mail and by email regarding the Unpaid Settlement Amount from the Defendants.[10] On June 22, 2021, the Court entered a judgment against the Defendants for payment the Unpaid Settlement Amount (the "Judgment").[11]

The Trustee's attempts to collect the Judgment were unsuccessful. On June 20, 2023, the Court authorized the Trustee to employ a collection agent (the "Collection Agent") to collect the Unpaid Settlement Amount from the Defendants.[12] The Collection Agent collected $2,000 of that amount from the Defendants[13] and subsequently caused them to engage in settlement negotiations with the Trustee regarding the $20,500 balance of the Unpaid Settlement Amount (the "Remaining Amount"). *Id*. ¶ 15.

Pursuant to certain confidential financial disclosures to the Trustee, the Defendants have demonstrated that they do not have the means to satisfy the Remaining Amount in full. *Id*. ¶ 17. The Trustee has determined that further efforts to collect the Remaining Amount from the Defendants would not be an efficient use of the Estates' resources and would not be beneficial to the Estates. *Id*. ¶ 18. To resolve the Trustee's claim to the Remaining Amount, the Defendants and the Trustee have negotiated and executed a stipulation (the "Settlement Agreement"),[14] subject to approval by the Court. Without limitation, the Settlement Agreement provides, as follows:

---

[10] *Affidavit of Service of Chapter 7 Trustee's Notice of Default* and *Certificate of Service of Chapter 7 Trustee's Notice of Default*, ECF Nos. 209, 210.

[11] *Consent Judgment*, AP ECF No. 28.

[12] *Order Pursuant to Sections 327(a), 328(a), and 363(b) of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing Employment and Retention of Atwell, Curtis & Brooks, Ltd. as Collection Agent for the Trustee*, ECF No. 218.

[13] *Notice of Proposed Compensation to Atwell, Curtis & Brooks, Ltd*, ECF No. 219.

[14] *Stipulation and Agreed Order Settling Trustee's Claims Against Savanna-Rae, LLC and Ray Hill*, ECF No. 222 at pp. 19-25.

  a. The Defendants shall make a single payment of $5,600 to the Trustee in full and final satisfaction of the Remaining Amount (the "Settlement Payment"). Settlement Agreement at ¶ 4.

  b. The Settlement Payment shall be made not later than fifteen (15) days following the date that the Settlement Agreement is "so ordered" by the Court either by check made payable to "Albert Togut, as Chapter 7 Trustee of 2070 Restaurant Group" or by wire instructions to be provided by the Trustee to the Defendants. *Id*. at ¶ 5.

  c. Upon receipt of the Settlement Payment by the Trustee (the "Completion Date"), the parties will provide releases to each other. *Id*. at ¶ 6.

  d. In the event that the Defendants fail to timely pay the Settlement Payment, or any Settlement Payment is dishonored by the Trustee's bank, counsel for the Trustee will send a written default notice by electronic and first-class mail to the Defendants. If the Defendants fail to cure such default within ten (10) days after the notice is sent, the Trustee may seek to enforce the Judgment in full. *Id*. at ¶ 7.

  e. Following the Completion Date, the Trustee will file a satisfaction of judgment in the Debtors' cases, and a copy of it will be provided to the Defendants. *Id.* at ¶ 8.

## **The Application**

In support of the Application, the Trustee submits that the Settlement Agreement represents a prudent exercise of his considered business judgment and is the product of arm's length negotiations between the Trustee and Defendants. Application ¶ 26. He asserts that the Settlement Agreement benefits the Estates by: (i) resolving the dispute over the Remaining Amount in a cost-effective and efficient manner, (ii) providing valuable consideration to the Estates, including "an immediate and certain recovery of $5,600," and a waiver of any and all of the Defendants' potential claims against the Trustee and Estates, (iii) eliminating "material risks" associated with additional recovery attempts, such as costs, uncertainties, and delays, and (iv) enabling the Trustee to conclude his administration of the Estates. *Id*. ¶¶ 18, 27-30.

The Trustee maintains that the cost, expense, and delay associated with further negotiations with the Defendants or attempts to collect the Remaining Amount are not warranted because the Defendants have demonstrated their inability to pay that amount. *Id*. ¶ 28. He has determined that seeking additional recovery of the Remaining Amount from the Defendants would not be beneficial to the Estates. *Id*. ¶ 29.

The Trustee asserts that the settlement terms are fair, reasonable, and equitable, and fall well above the lowest point in the range of reasonable potential litigation outcomes. He contends that the Settlement Agreement is in the best interests of the Estates, and asks the Court to approve the Settlement Agreement. *Id*. ¶ 32.

## **LEGAL PRINCIPLES**

The settlement of disputes is encouraged and generally favored in bankruptcy. *See Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994). The Bankruptcy Code authorizes bankruptcy courts "to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Pursuant to such authority, Rule 9019 gives the court discretion to approve settlements: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a). In exercising its discretion, a court "should" approve a settlement if it is both fair and equitable, and in the best interests of the estate. *Stadtmauer v. Tulis (In re Nordlicht)*, 115 F.4th 90, 115 (2d Cir. 2024) (citation omitted).

In assessing the merits of the Settlement Agreement, the Court must make an informed and independent judgment. However, it "need not conduct an independent investigation into the reasonableness of the settlement but must only 'canvass the issues and see whether the settlement

7

falls below the lowest point in the range of reasonableness.'" *In re Chemtura Corp.,* 439 B.R. 561, 594 (Bankr. S.D.N.Y. 2010) (quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)). The Court may consider the general public policy favoring settlements, the business judgment of the Trustee and its counsel, and any objections to the Settlement Agreement. *See In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 641 (Bankr. S.D.N.Y. 2012). However, the Court should not substitute the Trustee's judgment as the Court's own or allow any such objections to control. *In re Wythe Berry Fee Owner LLC*, 660 B.R. 534, 554–55 (Bankr. S.D.N.Y. 2024) (citing *Depo v. Chase Lincoln First Bank, N.A.*, 77 B.R. 381, 384 (N.D.N.Y. 1987)), *aff'd sub nom. Depo v. Lincoln Bank*, 863 F.2d 45 (2d Cir. 1988); *In re WorldCom, Inc.,* 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006) ("While the bankruptcy court may consider the objections lodged by parties in interest, such objections are not controlling. . . . [T]he bankruptcy court must still make informed and independent judgment.").

Courts in the Second Circuit consider and weigh seven factors (the "*Iridium* Factors") when determining whether to approve a settlement as fair and equitable under Rule 9019(a):

> (1) the balance between the litigation's possibility of success and the settlement's future benefits;
>
> (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment;
>
> (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;
>
> (4) whether other parties in interest support the settlement;
>
> (5) the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement;

8

> (6) the nature and breadth of releases to be obtained by officers and directors; and
>
> (7) the extent to which the settlement is the product of arm's length bargaining.

*In re Nordlicht*, 115 F.4th at 115 (citing *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC),* 478 F.3d 452, 455 (2d Cir. 2007)). The Court will make an independent assessment of the Settlement Agreement based on those factors.

## ANALYSIS

Application of the first factor, the balance between the litigation's possibility of success and the settlement's future benefits, favors approving the Settlement Agreement. This Court has found that an "immediate and certain resolution" of an adversary proceeding constitutes a "clear and evident" future benefit to the estate. *In re Wythe Berry Fee Owner LLC*, 660 B.R. at 565 ("The Settlement serves the interest of creditors as it offers a clear and definitive resolution of pending and anticipated litigation thereby conserving estate resources and offers a cash infusion . . . into the Debtor's estate."). That is the case here where the Defendants have demonstrated that they are unable to pay the Remaining Amount, making successful recovery unlikely. Berger Decl. ¶ 17. The payment of $5,600 in satisfaction of the Judgment provides the Estates with certain recovery that may be distributed to creditors and allows expedited administration of the Estates, thereby conserving the Estates' resources.

The second *Iridium* Factor is the likelihood of complex and protracted litigation if the Court does not approve the settlement.

> In analyzing this factor, "the judge should form an educated estimate of the complexity, expense, and likely duration of [the] litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

9

>Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation."

*In re Sabine Oil & Gas Corp.*, 555 B.R. 180, 306 (Bankr. S.D.N.Y. 2016) (quoting *TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. at 424–25 (1968)). Continued litigation with the Defendants will not be protracted or complex; however, the Trustee has demonstrated that it is futile for him to continue to attempt to collect on the Judgment because the Defendants do not have the means to satisfy it. Berger Decl. ¶ 17. There is no likely benefit from further collection attempts on the Judgment; the Claims Agent was able to collect only $2,000, and the Trustee has demonstrated that further attempts to collect would be a waste of the Trustee's time and the Estates' resources. *See* Application ¶ 29-31. Review of this factor therefore favors granting the Application. *See In re DiStefano*, 654 B.R. 49, 56 (Bankr. N.D.N.Y. 2023) (finding the *Iridium* Factors favored the settlement where there was "a distinct possibility any judgment rendered would be uncollectable" and the trustee may have ended "up with nothing more than a paper judgment").

The third *Iridium* Factor is the paramount interests of the creditors, including the degree to which creditors either do not object to or affirmatively support the proposed settlement. Application of that factor supports the Trustee because he has demonstrated that the settlement is in the best interests of the Debtors' creditors and no party in interest objects to the Settlement Agreement.

The fourth factor is whether other parties in interest support the settlement. No responses supporting or opposing the Application were filed. Application of this factor is therefore neutral.

The fifth *Iridium* Factor considers the competency and experience of counsel supporting the settlement. It is undisputed that the Trustee and Defendants are both represented by experienced, competent counsel. *In re Wythe Berry Fee Owner LLC*, 660 B.R. at 536–37 ("The competency and experience of Debtor's counsel and the presiding judge in this proceeding was

10

not questioned by any party. Thus, the fifth *Iridium* Factor favors approval of the Settlement."). Moreover, the Court has canvassed the issues and appraised itself of the relevant facts of the Settlement Agreement in reaching its determination. *In re Glob. Vision Prod., Inc.*, No. 07-12628, 2009 WL 2170253, at *5 (S.D.N.Y. July 14, 2009) (finding the fifth factor weighed in favor of approval when the court has "canvassed the issues, apprised himself of the key facts, and considered the relevant factors in concluding that the Settlement Agreement is fair and equitable, and that the Trustee exercised his business judgment."). Application of this factor supports the Trustee.

These circumstances also weigh in favor of approval under the seventh factor, which is the extent to which the settlement is the product of arm's length bargaining. The Trustee and the Defendants were both represented by competent counsel. Moreover, the Defendants initiated the negotiations with the Trustee after being prompted by the Collection Agent, so there is nothing to suggest that the transaction was not at arm's length. Berger Decl. ¶ 15.

The sixth *Iridium* Factor is the nature and breadth of the releases contained in the Settlement Agreement. In the settlement, the parties agree to the following releases:

    a. The Trustee, on behalf of the Debtors' estates, as well as the Debtor, hereby release, acquit, and discharge Defendants, and their predecessors as well as their respective officers, directors, agents, representatives, attorneys, heirs, successors, and assigns, past and present, and each of them from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations, and/or liabilities arising from or relating to the Settlement, the Judgment, and the Adversary Proceeding.

    b. Defendants hereby (a) release, acquit, and discharge the Trustee and his retained professionals, and the Debtors and their estates, of and from any and all claims, damages, actions, suits, causes of action, rights, liens, demands, obligations, and/or liabilities arising from or relating to the Settlement, the Judgment, and the Adversary Proceeding.

11

Settlement Agreement ¶ 6.

The Court finds that the releases are fair and reasonable as necessary to accomplish the purpose of the Settlement Agreement, which is to satisfy the Judgment in full and resolve the Adversary Proceeding. *See In re Dewey & LeBoeuf LLP*, 478 B.R. at 644. The releases are mutual, narrow in scope and essential to the Settlement Agreement. Therefore, the sixth factor weighs in favor of approval. *In re Celsius Network LLC*, No. 22-10964, 2024 WL 4394507, at *12 (Bankr. S.D.N.Y. Oct. 3, 2024).

The Court finds that the Settlement Agreement is fair, equitable, and in the best interests of the Estates. It provides for monetary recovery to the Estates and resolution of the Adversary Proceeding. It will expedite the administration of the Estates, and the closing of these cases. The Court approves the Settlement Agreement pursuant to Bankruptcy Rule 9019(a).

## CONCLUSION

Based on the foregoing, the Court grants the Application. The Trustee is directed to submit an order.

Dated: November 4, 2024
      New York, New York

                                            /s/ *James L. Garrity, Jr.*
                                            Honorable James L. Garrity, Jr.
                                            United States Bankruptcy Judge